UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JSC SURGUTNEFTEGAZ,                          :

                              Petitioner,    :

              -against-                      :

PRESIDENT AND FELLOWS OF HARVARD             :
COLLEGE,
                                             :
                              Respondent.    :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/07

04 Civ. 6069 (RMB)

**DECISION & ORDER**

I.      **Background**

        On or about June 29, 2004, the President and Fellows of Harvard College ("Harvard" or

"Respondent") submitted a Demand for Class Arbitration ("Demand") to the American

Arbitration Association ("AAA") against JSC Surgutneftegaz ("Surgut" or "Petitioner"), alleging

that "Harvard and [] other Class members own American Depositary Receipts ('ADRs')

representing a substantial number of preferred shares of Surgut, a public oil and gas company

organized under the laws of the Russian Federation" and "Surgut has intentionally declared

dividends far below the mandated amount[] by using an artificially low 'net profit' figure."

(Demand at ¶ 1.)  Following several unsuccessful attempts by Surgut to stay the arbitration, a

three-judge panel ("Panel") of the AAA, on or about August 1, 2007, voting two to one, issued a

Partial Final Award on Clause Construction ("Award"), holding that the arbitration clause in a

March 19, 1998 deposit agreement governing the sale of ADRs ("Agreement") "does not

preclude this arbitration from proceeding on a class basis" because, among other things, "[t]he

members of the putative class on whose behalf this case is brought . . . are all a party to the same

agreement," "[t]he arbitration clause in the Deposit Agreement is a broad clause which extends

to 'any . . . claim' brought by 'any party,'" and Surgut "agreed that claims under the United

States securities laws could be brought in litigation in U.S. courts—which necessarily include a class action proceeding." (See Surgutneftegaz v. President & Fellows of Harvard College, No. 100895/04 (N.Y. County Sup. Ct. filed July 27, 2004); Surgutneftegaz v. President & Fellows of Harvard College, No. 04 Civ. 6069 (S.D.N.Y. Aug. 3, 2005) (Casey, J.); Surgutneftegaz v. President & Fellows of Harvard College, 167 F. App'x 266, 268 (2d Cir. 2006); Award at 32.)

On or about August 14, 2007, Harvard filed a motion to confirm the Award in this Court. (Mem. in Supp. of Resp. Mot. to Confirm, dated August 14, 2007, at 1.) On or about September 5, 2007, Surgut filed a motion to vacate the Award, arguing, among other things, that (1) "New York law bars class arbitration absent an explicit agreement otherwise"; and (2) the "Panel's clause construction award manifestly disregarded controlling New York law." (Mem. in Supp. of Pet'r Mot. to Vacate, dated September 5, 2007 ("Pet'r Mem."), at 8, 18.) On or about September 19, 2007, Harvard filed an opposition brief arguing, among other things, that (1) "the permissibility of class arbitration is a contract interpretation question for the arbitrator to decide[] even where the arbitration clause is silent on the question"; and (2) "Surgut has failed to demonstrate that the Panel manifestly disregarded the law in rendering its decision." (Mem. in Opp. to Pet'r Mot. to Vacate, dated September 19, 2007 ("Opp'n"), at 8, 15.) On or about September 28, 2007, Surgut filed a reply brief ("Reply").

The parties have not requested oral argument.

**For the reasons stated below, Surgut's motion to vacate the arbitration award is denied and Harvard's motion to confirm the arbitration award is granted.**

## II.    Standard of Review

The scope of review of an arbitration award is generally "very narrowly limited," Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 67 (2d Cir. 1985), so as "to

avoid undermining the twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation." Folkways Music Publishers v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993).

"[A]n arbitration award may be vacated if it exhibits a manifest disregard of the law." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004). Manifest disregard "is more than a simple error in law or a failure by the arbitrators to understand or apply it; and, it is more than an erroneous interpretation of the law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003). "The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." Merrill Lynch v. Bobker, 808 F.2d 930, 933 (2d Cir. 1986). "A party seeking vacatur bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." Duferco, 333 F.3d at 389.

### III.    Analysis

#### (1)    Class Arbitration

Surgut argues that "class arbitration is not allowed absent explicit language permitting it," "the New York rule disfavoring class arbitration is still alive and well," and "[t]his rule was also unquestionably in place back in 1998 when the Deposit Agreement was executed." (Pet'r Mem. at 13–14.) Harvard counters, among other things, that if New York law prohibited class arbitration as a matter of law, "there would be no reason for the courts to reserve the question for the arbitrator in the first instance." (See Opp'n at 8.)

The United States Supreme Court has held that arbitrators are well situated to answer the question "whether [] contracts forbid class arbitration." See Green Tree Financial Corp v. Bazzle, 539 U.S. 444, 445 (2003). And, Rule 3 of the Supplementary Rules for Class

Arbitrations provides that "the arbitrator shall determine as a threshold matter . . . whether the

applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."

(See Award at 6–7.)  The Panel in this case correctly determined, among other things, that "the

plain language of the agreement . . . permits class arbitration" and "it would be misplaced to

focus exclusively on expectations in . . . 1998." (See Award at 20–21.)

### (2)    Manifest Disregard of the Law

Surgut argues that it "clearly informed the Panel of the well-established New York law

regarding class arbitration," but the Panel "ignored this rule of law." (Pet'r Mem. at 18–19.)

Harvard counters (persuasively) that "virtually every aspect of the Panel's reasoning contains

analysis and application of the relevant law regarding contract interpretation." (Opp'n at 17.)

Surgut has not alleged "something beyond . . . a mere error in the law or failure on the

part of the arbitrators to understand or apply the law." Westerbeke Corp. v. Daihatsu Motor Co.,

304 F.3d 200, 208 (2d Cir. 2002) (internal quotation and citation omitted).  The "manifest

disregard of law doctrine [applies] . . . only in the most egregious instances of misapplication of

legal principles." Wallace, 378 F.3d at 190.  That is not this case.  And, courts "generally

refuse[] to second guess an arbitrator's resolution of a contract dispute." Yusuf Ahmed

Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir 1997) (internal citations and

quotations omitted).

**IV.    Conclusion and Order**

For the reasons stated herein, Surgut's motion to vacate the arbitration award [#35] is denied and Harvard's motion to confirm the arbitration award [#30] is granted.  The Clerk is respectfully requested to close the case.

Dated: New York, New York
        October 11, 2007

*RMB*

RICHARD M. BERMAN, U.S.D.J.